**No. 25-3085**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

STATE OF KANSAS,
*Plaintiff-Appellee*,

v.

PFIZER INC.,
*Defendant-Appellant.*

———————————————

On Appeal from the United States District Court
for the District of Kansas
Case No. 6:24-cv-01128
The Honorable Daniel D. Crabtree

### APPELLEE STATE OF KANSAS' MOTION TO VACATE
### THE DISTRICT COURT'S ORDER STAYING
### THE REMAND ORDER PENDING APPEAL

KRIS W. KOBACH
ATTORNEY GENERAL
Melanie S. Jack
First Assistant Attorney General
Office of the Kansas Attorney General
120 SW 10th Ave., 4th Floor
Topeka, Kansas 66612-1597
(785) 296-3751
Melanie.Jack@ag.ks.gov

Justin D. Smith
JAMES OTIS LAW GROUP, LLC
530 Maryville Centre Drive, Suite 230
St. Louis, Missouri 63141
(816) 678-2103
Justin.Smith@james-otis.com

## **DISCLOSURE STATEMENT**

A disclosure statement pursuant to Federal Rule of Appellate Procedure 26.1

is not required as Appellee State of Kansas is a governmental party.

# <u>TABLE OF CONTENTS</u>

DISCLOSURE STATEMENT ........................................................................ ii

TABLE OF CONTENTS ............................................................................. iii

TABLE OF AUTHORITIES ........................................................................ iv

INTRODUCTION .......................................................................................1

STATEMENT ..............................................................................................2

ARGUMENT ...............................................................................................3

   I.   The district court did not have jurisdiction to issue its stay order. .................3

     A.   Mailing the remand order is an event of jurisdictional significance............3

     B.   Rule 62(a)'s automatic stay does not apply to remand orders. ...................5

   II.   *Coinbase* does not require a stay of remand orders.........................................8

     A.   The district court lost jurisdiction before Pfizer filed its notice of appeal. .9

     B.   *Coinbase* should not be applied to remand appeals. ..................................10

     C.   Cases may proceed simultaneously in state court and federal appellate court during remand appeals. .........................................................................16

   III.   The applicable factors favor vacating the district court's stay order. ........18

CONCLUSION...........................................................................................20

CERTIFICATE OF SERVICE ..................................................................21

CERTIFICATE OF COMPLIANCE .......................................................22

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Agostini v. Piper Aircraft Corp.*,
   729 F.3d 350 (3d Cir. 2013)..............................................................................4, 10

*Arnold v. Garlock, Inc.*,
   278 F.3d 426 (5th Cir. 2001)..................................................................................7

*Att'y Gen. v. Dow Chem. Co.*,
   No. CV 23-2449, 2024 WL 3361395 (D.N.J. July 9, 2024) ........................ 13, 19

*Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*,
   423 F. Supp. 3d 1066 (D. Colo. 2019).......................................................... 13, 17

*Blumberger v. California Hosp. Med. Ctr.*,
   No. 2:22-CV-06066, 2022 WL 18359101 (C.D. Cal. Dec. 5, 2022)...................18

*BP Am., Inc. v. Oklahoma ex rel. Edmondson*,
   613 F.3d 1029 (10th Cir. 2010)....................................................................... 3, 6, 7

*BP P.L.C. v. Mayor & City Council of Baltimore*,
   140 S. Ct. 449 (2019)........................................................................................18

*BP P.L.C. v. Rhode Island*,
   No. 19A391, 2019 WL 13415350, at *1 (U.S. Oct. 22, 2019)............................18

*Carter v. Genesis Alkali LLC*,
   No. 23-8079, 2024 WL 4491802 (10th Cir. Oct. 15, 2024) ................................19

*Chamber of Commerce v. SEC*,
   443 F.3d 890 (D.C. Cir. 2006) ...........................................................................16

*City of Martinsville v. Express Scripts, Inc.*,
   128 F.4th 265 (4th Cir. 2025) ..............................................................................9

*Coinbase, Inc. v. Bielski*,
   599 U.S. 736 (2023) ......................................................................................9, 13

*Dudley-Barton v. Serv. Corp. Int'l*,
  653 F.3d 1151 (10th Cir. 2011) ..................................................................3, 6, 11

*Elkins v. Se. Indiana Health Mgmt. Inc.*,
  No. 1:23-CV-01117, 2024 WL 706910 (S.D. Ind. Feb. 21, 2024) ......................20

*Faulkner v. New Mexico Child., Youth & Fams. Dep't*,
  No. CV 15-852, 2016 WL 9818609 (D.N.M. Nov. 3, 2016) ........................ 19, 20

*Gavert by & through Gavert v. CF Modesto, LLC*,
  No. 1:21-cv-01719, 2022 WL 705613 (E.D. Cal. 2022).......................................8

*Gramercy Distressed Opportunity Fund II L.P. v. Piazza*,
  No. 22-8050, 2023 WL 6296948 (10th Cir. May 10, 2023)................................10

*Griggs v. Provident Consumer Disc. Co.*,
  459 U.S. 56 (1982) ...................................................................................... 13, 16

*Hardin v. First Cash Fin. Servs., Inc.*,
  465 F.3d 470 (10th Cir. 2006).............................................................................12

*In re C & M Props., L.L.C.*,
  563 F.3d 1156 (10th Cir. 2009)..........................................................................4, 6

*In re Essar Steel Minnesota LLC*,
  No. 16-11626 (CTG), 2025 WL 974571 (D. Del. Apr. 1, 2025)........................20

*In re La Providencia Dev. Corp.*,
  406 F.2d 251 (1st Cir. 1969) ................................................................................4

*In re World Trade Ctr. Disaster Site Litig.*,
  503 F.3d 167 (2d Cir. 2007)................................................................................18

*James v. P M G O P C O - Washington LLC*,
  No. 21-CV-2407, 2022 WL 4351998 (W.D. La. Sept. 19, 2022).........................7

*KSTU, LLC v. Aereo, Inc.*,
  No. 14-4020, 2014 WL 1687749 (10th Cir. Mar. 7, 2014).................................11

*Lehman v. City of Louisville*,
  967 F.2d 1474 (10th Cir. 1992).............................................................................9

*Mayor & City Council of Baltimore v. BP P.L.C.*,
   No. CV ELH-18-2357, 2019 WL 3464667 (D. Md. July 31, 2019) ............ 12, 13

*McCauley v. Halliburton Energy Servs., Inc.*,
   413 F.3d 1158 (10th Cir. 2005) ................................................................4, 11, 12

*Nken v. Holder*,
   556 U.S. 418 (2009) ...............................................................................8, 11, 18

*People by & through Harrison v. Express Scripts, Inc.*,
   No. 24-1972, 2025 WL 1551414 (9th Cir. June 2, 2025) .................11, 12, 13, 19

*Plaquemines Par. v. Chevron USA, Inc.*,
   84 F.4th 362 (5th Cir. 2023) ..................................................... 5, 18, 19

*Rivera Perez v. Massachusetts Gen. Hosp.*,
   193 F.R.D. 43 (D.P.R. 2000) ...................................................................16

*State of Ga. v. Rachel*,
   384 U.S. 780 (1966) ...............................................................................14

*Suncor Energy (U.S.A.) Inc. v. Bd. of Cnty. Commissioners of Boulder Cnty.*,
   No. 19A428, 2019 WL 13415345 (U.S. Oct. 22, 2019) ......................................17

*Tennessee ex rel. Slatery v. Tennessee Valley Auth.*,
   No. 3:17-CV-01139, 2018 WL 3092942 (M.D. Tenn. June 22, 2018).................20

*Tooele Cnty. v. United States*,
   820 F.3d 1183 (10th Cir. 2016) ...........................................................16

*Town of Pine Hill v. 3M Co.*,
   No. CV 2:24-00284, 2025 WL 994187 (S.D. Ala. Apr. 2, 2025)..........................5

*United States v. Petty Motor Co.*,
   767 F.2d 712 (10th Cir. 1985) ..............................................................7

*United States v. W. Elec. Co.*,
   No. 91-5263, 1991 WL 238308 (D.C. Cir. Oct. 7, 1991) ...................................18

*Wyoming v. United States Dep't of Interior*,
   No. 18-8027, 2018 WL 2727031 (10th Cir. June 4, 2018)..................................18

## Statutes

28 U.S.C. § 1447(c) ....................................................................................3

## Other Authorities

110 CONG. REC. 6956 (Apr. 6, 1964) ............................................... 14, 15

Application for Recall of the Remand Order Pending Appeal, *Suncor Energy (U.S.A.) Inc. v. Bd. of Cnty. Commissioners of Boulder Cnty.*, No. 19A428 (U.S. Oct. 17, 2019) ...............................................................................17

H.R. REP. NO. 112-17 (2011) .......................................................................15

Mot. of Appellants for an Emergency Stay of the Remand Order Pending Appeal, No. 19-1330, Doc. 10010241301 (10th Cir. Oct. 8, 2019).................................17

Order, *Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, No. 19-1330, Doc. 010110246153, at 2 (10th Cir. Oct. 17, 2019).............. 16, 17

Order, No. 19-1330, Doc. 10685332 (10th Cir. Oct. 8, 2019).................................17

## Rules

10th Cir. R. 8.1 ....................................................................................18

Fed. R. Civ. P. 62(a) ..............................................................................6, 7

## Treatises

14C Wright & Miller § 3739 (4th ed. 2009) .............................................4

## **INTRODUCTION**

The district court granted the State of Kansas' motion to remand this case to state court.  But the district court later issued a stay order that conflicts with this Court's precedent.  Because the stay will harm Kansas by interfering with its courts and its claims, Kansas moves to vacate the district court's stay pending appeal.

The district court did not have jurisdiction to enter its stay order because the clerk of the court already mailed the remand order to the state court.  This Court has ruled that mailing the remand order divests the district court of jurisdiction.  Remand orders are effective immediately and are not automatically stayed under Rule 62(a).

Pfizer Inc.'s notice of appeal also did not automatically stay the remand order. By then, the district court no longer had jurisdiction.  This Court has determined that appeals do not stay remand orders.  So have all but one of the circuit courts to address the question since *Coinbase* and the congressional leaders who drafted the law.

Pfizer did not argue any stay factors, which other circuits use to evaluate a motion to vacate a stay.  Pfizer thus has not met its burden to obtain a stay.  Nor could it.  Kansas is likely to succeed in this appeal like it did below.  While Pfizer will not be irreparably harmed by litigating in state court, Kansas will be harmed by a potentially years-long delay.  This delay does not serve the public interest.

Kansas respectfully requests that this Court vacate the remand order stay. Counsel for Pfizer has informed Kansas that Pfizer will oppose this motion.

## **STATEMENT**

In June 2024, Kansas filed the underlying complaint against Pfizer in Kansas state court.  Kansas alleged that Pfizer's actions and statements relating to its COVID-19 vaccine violated state consent judgments and state consumer protection laws.  Pfizer has not yet filed its answer or other responsive pleading.

In July 2024, Pfizer removed this case to federal court.  Pfizer claimed federal jurisdiction over Kansas' claims by federal officer removal under 28 U.S.C. § 1442(a)(1); *Grable* jurisdiction; and complete preemption.  *See* D. Ct. Dkt. No. 1. Kansas moved to remand the case to state court.  *See* D. Ct. Dkt. No. 19.

In May 2025, the district court granted Kansas' motion to remand.  *See* D. Ct. Dkt. No. 66.  In accordance with her statutory responsibility, *see* 28 U.S.C. § 1447(c), the clerk of the court mailed the certified copy of the remand order to the state court on May 14, 2025, *see* D. Ct. Dkt. No. 68.  The state court received the certified remand order on May 19, 2025.  *See* D. Ct. Dkt. No. 82.  After the court already sent the remand order to the state court, Pfizer filed a notice of appeal.  *See* D. Ct. Dkt. No. 69.

Pfizer subsequently moved to stay execution of the remand order pending appeal.  *See* D. Ct. Dkt. No. 72.  Kansas opposed.  *See* D. Ct. Dkt. No. 73.  On May 30, 2025, the district court granted Pfizer's motion and "stay[ed] its remand order until the Tenth Circuit adjudicates defendant's appeal."  D. Ct. Dkt. No. 81, at 8.

2

# ARGUMENT

## I.    The district court did not have jurisdiction to issue its stay order.

The district court erred by determining that it had jurisdiction to stay its remand order. The district court mailed the remand order to the state court, and the state court received it, before the district court issued its stay order. Under this Court's precedent, the district court did not have jurisdiction when it issued the stay of its remand order pending appeal.

### A. Mailing the remand order is an event of jurisdictional significance.

The district court's stay order directly conflicts with this Court's precedent that mailing the remand order is an event of jurisdictional significance. In "clear language," "28 U.S.C. § 1447(c) states that once a 'copy of the order of remand [is] mailed … to the clerk of the State court[,] … the State court may thereupon proceed with such case.'" *Dudley-Barton v. Serv. Corp. Int'l*, 653 F.3d 1151, 1153 (10th Cir. 2011) (quoting 28 U.S.C. § 1447(c)). This Court has consistently determined that remand orders are effective—and jurisdiction is transferred to the state court—when the remand order is mailed. "[T]ransmission of the remand order from the federal district court clerk to the state court, as contemplated by § 1447(c), operates to divest federal *district courts* of further jurisdiction over the case." *BP Am., Inc. v. Oklahoma ex rel. Edmondson*, 613 F.3d 1029, 1033-34 (10th Cir. 2010) (emphasis

original).[1]  Indeed, "a remand is effective when the district court mails a certified copy of the remand order to the state court." *Id.* at 1033 (quoting 14C Wright & Miller § 3739, at 907 (4th ed. 2009)).  Thus, when confronted by a December 22, 2004 remand order in a different case, this Court determined that the case transferred to state court in December 2004.  *In re C & M Props., L.L.C.*, 563 F.3d 1156, 1168 (10th Cir. 2009).  "Since then, the district and bankruptcy courts have lacked jurisdiction to do anything …." *Id.*

Determining jurisdiction by when the remand order is mailed is consistent with this Court's "expressed preference for bright-line jurisdictional rules." *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1162 (10th Cir. 2005) (citation omitted).  A bright line that transfers jurisdiction upon mailing of the remand order is based on "the need to establish a determinable jurisdictional event after which the state court can exercise control over the case without fear of further federal interference." *Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 356 (3d Cir. 2013) (citation omitted).  Out of respect for the state court and principles of comity, "state court proceedings are to be interfered with once, at most," for "[t]he action must not ricochet back and forth depending upon the most recent determination of a federal court." *In re La Providencia Dev. Corp.*, 406 F.2d 251, 252 (1st Cir. 1969).

---

[1] Federal appellate jurisdiction exists over statutorily authorized remand appeals without disturbing the numerous decisions holding that the district court loses jurisdiction when it transmits the remand order. *BP Am.*, 613 F.3d at 1033–1034.

To carry out its preference for bright-line jurisdictional rules, this Court has repeatedly ruled that mailing the remand order is an event of jurisdictional significance that transfers jurisdiction from the federal district court to the state court. That jurisdictional event occurred in this case on May 14, 2025, when the district court clerk mailed the remand order to the state court. The district court thus did not have jurisdiction to enter its stay order on May 30, 2025.

## B. Rule 62(a)'s automatic stay does not apply to remand orders.

The district court relied on out-of-circuit cases to find that it maintained jurisdiction even after mailing the remand notice to state court. *See* D. Ct. Dkt. No. 81, at 2-3. The Fifth Circuit believed that a party was "overread[ing]" 28 U.S.C. § 1447(c) to contend that the district court "was divested of jurisdiction to stay the remand order upon mailing it." *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 372 (5th Cir. 2023); *see also Town of Pine Hill v. 3M Co.*, No. CV 2:24-00284, 2025 WL 994187, at *1 (S.D. Ala. Apr. 2, 2025). In addition, while attempting to avoid losing jurisdiction when the clerk mailed the remand order to state court, the district court relied on a federal court in Alabama and two other district courts to find that Rule 62(a) automatically stayed its remand order for 30 days. *See* D. Ct. Dkt. No. 81, at 4-5. Rule 62(a) provides that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."

Fed. R. Civ. P. 62(a).  The district court reasoned that its remand order was a "judgment," and thus the 30-day stay applied.  *See* D. Ct. Dkt. No. 81, at 3-5.

These cases conflict with this Court's precedent.  This Court has relied on the "clear language" of 28 U.S.C. § 1447(c) to find that "the parties may continue the litigation in state court *immediately* upon the state court's receiving notice of the remand order."  *Dudley-Barton*, 653 F.3d at 1153 (emphasis added).  This Court also has found that because "a remand is effective when the district court mails a certified copy of the remand order to the state court," the "transmission of the remand order from the federal district court clerk to the state court … operates to divest federal district courts of further jurisdiction over the case."  *BP Am.*, 613 F.3d at 1033-34 (emphasis removed).

Applying these principles, this Court's decisions in *BP America* and *In re C & M Properties* did not cite Rule 62 or contemplate the remand order not taking effect for 30 days due to an automatic stay under Rule 62.  To the contrary, this Court believed that a December 22, 2004 remand order was effective in December 2004, which would not be possible if a 30-day stay existed.  *See In re C & M Props.*, 563 F.3d at 1168.  Likewise, when a party filed its notice of appeal within seven days of a remand order, this Court reasoned that a class action statute "does not condition appellate jurisdiction on whether the district court stays its order of remand," *BP*

*Am.*, 613 F.3d at 1033—analysis that would be unnecessary if a 30-day automatic stay applied.

Moreover, the plain text of Rule 62(a) does not support a stay because proceeding in state court after remand is not an "execution on a judgment and proceedings to enforce it" as required for a Rule 62(a) stay to apply. This Court has explained that judgment executions "issue by mere praecipe of the judgment creditor ... and only come under judicial supervision on complaint of either party." *United States v. Petty Motor Co.*, 767 F.2d 712, 715 (10th Cir. 1985) (citation omitted). A remand order is thus not an "execution on a judgment" or a "proceeding[] to enforce it." *See* Fed. R. Civ. P. 62(a). Finding that "[t]he stay provisions of Rule 62 pertain to judgments for money," the Fifth Circuit held that "there is no basis in Rule 62 for such a stay" of a remand order, which involves "no 'money judgment.'" *Arnold v. Garlock, Inc.*, 278 F.3d 426, 437 (5th Cir. 2001).[2] Thus, "[s]everal courts have denied similar applications for a stay of remand [under Rule 62(a)] in suits … that were removed based on the federal officer statute," the basis for Pfizer's appeal here. *James v. P M G O P C O - Washington LLC*, No. 21-CV-2407, 2022 WL 4351998, at *1 (W.D. La. Sept. 19, 2022) (citing *Gavert by & through Gavert v. CF Modesto,*

---

[2] In addition, "Rule 62 itself provides no authority to revoke a remand once it has become effective," *Arnold*, 278 F.3d at 437, as it has here.

*LLC*, No. 1:21-cv-01719, 2022 WL 705613, at *1 n.1 (E.D. Cal. Mar. 9, 2022) (collecting cases)).

Under this Court's precedent, the remand order is not automatically stayed, and jurisdiction transfers when the district court mails the remand notice to the state court. Because the remand order already was effective, the district court lacked jurisdiction to stay it.

## II.    *Coinbase* does not require a stay of remand orders.

"A stay is an 'intrusion into the ordinary processes of administration and judicial review.'" *Nken v. Holder,* 556 U.S. 418, 427 (2009) (citation omitted). "The parties and the public, while entitled to both careful review and a meaningful decision, are also generally entitled to the prompt execution of orders …." *Id.* A court "may not resolve a conflict between considered review and effective relief by reflexively holding a final order in abeyance pending review." *Id.*

Relying on *Coinbase*, the district court ruled that Pfizer's notice of appeal stayed the case until this Court resolves the appeal. D. Ct. Dkt. No. 81, at 5-6, 8. In support of its decision, the district court cited a divided Fourth Circuit panel opinion and a decision by a federal court in Alabama. *Id.* at 5-6. Based on these non-binding authorities, the district court found that it "lacks jurisdiction to execute its remand order, so it stays that order pending defendant's appeal." *Id.* at 6. The district court erred.

### A. The district court lost jurisdiction before Pfizer filed its notice of appeal.

Neither *Coinbase* nor the Fourth Circuit's decision involved the jurisdictional defect present here.  *Coinbase* did not involve remand at all.  Instead, *Coinbase* involved whether federal district court activity could continue while the defendant appealed the denial of its motion to compel arbitration.  *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 739 (2023).  In the Fourth Circuit case, the defendant who lost the remand motion "beat the clerk to the punch, docketing an appeal of the remand order before the order was mailed." *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 268 (4th Cir. 2025).  The Fourth Circuit's analysis hinged on the notice of appeal preceding the clerk mailing the remand order.  *See id.* at 272.

Materially different facts exist in this case.  The district court confirmed that the "Clerk transmitted the remand order to the state court before defendant filed its notice of appeal."  D. Ct. Dkt. No. 81, at 6 n.2.  As already explained, mailing the remand order is an event of jurisdictional significance, and this Court has held that a district court loses jurisdiction when it mails the remand order to a state court.  *See* Argument I.A, *supra*.  When Pfizer's motion to stay "was presented to the federal district court, it no longer had jurisdiction over the action." *Lehman v. City of Louisville*, 967 F.2d 1474, 1478 (10th Cir. 1992).  Thus, this Court can truncate the automatic stay analysis simply by finding that the district court did not have

jurisdiction at the time that Pfizer filed its notice of appeal, and thus neither *Coinbase* nor *City of Martinsville* applies here.

The district court worried that such a bright-line jurisdictional rule "would allow a clerk's efficiency to affect a party's substantial rights." D. Ct. Dkt. No. 81, at 6 n.2. But "jurisdictional rules mark the bounds of [courts'] adjudicatory authority," and these rules "should be clear and easy to apply." *Gramercy Distressed Opportunity Fund II L.P. v. Piazza*, No. 22-8050, 2023 WL 6296948, at *1–2 (10th Cir. May 10, 2023) (citation omitted). In addition, as will be discussed, no substantial rights are affected by a bright jurisdictional line here because *Coinbase*'s reasoning does not apply to remand appeals. *See* Argument II.B, *infra*. Finally, the district court can avoid a filing race and preserve the ability to review stay motions by not immediately mailing the remand order. *Cf. Agostini*, 729 F.3d at 356.

The district court mailed its remand order before Pfizer filed its notice of appeal. Therefore, the district court did not have jurisdiction to enter a stay when Pfizer filed its notice of appeal.

### B. *Coinbase* should not be applied to remand appeals.

1. The district court's ruling that the notice of appeal automatically stayed the remand order conflicts with this Court's precedent. When this Court evaluated the "clear language" in 28 U.S.C. § 1447(c) that "the parties may continue the litigation in state court immediately upon the state court's receiving notice of the remand

order," this Court found no evidence in the statute "that the jurisdiction of the state court is somehow stayed pending the outcome of a later-authorized appeal of the remand order." *Dudley-Barton*, 653 F.3d at 1153. To the contrary, "[a] stay pending appeal is not a matter of right, even if irreparable injury might otherwise result." *See KSTU, LLC v. Aereo, Inc.*, No. 14-4020, 2014 WL 1687749, at *1 (10th Cir. Mar. 7, 2014) (quoting *Nken,* 556 U.S. at 433) (internal quotation marks omitted).

This Court did not find an automatic stay for remand appeals years after it determined that non-frivolous appeals of arbitration motions divested the district court of jurisdiction "until the appeal is resolved on the merits." *McCauley*, 413 F.3d at 1160, 1162. This Court has not applied or extended *Coinbase*, and nothing from this Court has changed its precedent automatically staying arbitration appeals but not automatically staying remand appeals.

2. Almost every circuit court to consider the issue has concluded that *Coinbase* does not automatically stay remand order appeals. *See People by & through Harrison v. Express Scripts, Inc.*, No. 24-1972, 2025 WL 1551414, at *7 n.2 (9th Cir. June 2, 2025) (citing decisions by the First, Second, and Eleventh Circuits, as well as a Fifth Circuit decision that applied discretionary stay factors after *Coinbase*). In an opinion released after the district court's decision below, the Ninth Circuit joined these Circuits and rejected automatic stays of remand orders under *Coinbase* in the federal officer removal context. *Id.* at *3-7. "The Fourth

Circuit appears to be the first and only circuit in the country to have extended *Coinbase*'s logic to the federal officer removal context." *Id.* at *7 n.2.

The Ninth Circuit detailed the differences between *Coinbase* arbitration appeals and remand order appeals: "[f]ederalism concerns—namely the limited jurisdiction of federal courts and the need to respect the jurisdiction of state courts;" "the unique aspects of arbitration that automatic stays help to preserve are not at issue in the federal officer removal context;" and "automatic stays of federal officer removal appeals could lead to improper delay tactics and do harm to principles of judicial efficiency." *Id.* at *3.

These significant differences counsel against extending *Coinbase* to remand order appeals. For example, "Arbitration clauses reflect the parties' preference for *non-judicial* dispute resolution … ." *Hardin v. First Cash Fin. Servs., Inc.*, 465 F.3d 470, 474 n.2 (10th Cir. 2006) (quoting *McCauley*, 413 F.3d at 1162) (emphasis original). But this case will be resolved judicially, and "the question on appeal here is essentially a narrow venue question of whether the case belongs in state or federal court." *Harrison*, 2025 WL 1551414, at *5.

No matter how that venue question is resolved, Pfizer "will have to proceed with the filing of responsive pleadings or preliminary motions, regardless of the forum." *Mayor & City Council of Baltimore v. BP P.L.C.*, No. CV ELH-18-2357, 2019 WL 3464667, at *6 (D. Md. July 31, 2019). Pfizer "would be subject to similar

discovery if [it was] proceeding in federal court, and 'the interim proceedings in state court may well advance the resolution of the case in federal court.'" *Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 423 F. Supp. 3d 1066, 1074 (D. Colo. 2019) (quoting *BP*, 2019 WL 3464667, at *6). Thus, unlike arbitration, "[t]here is little difference between proceeding in state and federal court at this posture," and "any progress made in state court—namely, discovery—would also further the federal case if the … Circuit decides this case should be heard in federal court." *See Att'y Gen. v. Dow Chem. Co.*, No. CV 23-2449, 2024 WL 3361395, at *10 n.8 (D.N.J. July 9, 2024). "Having to continue litigation in state court for a brief period pending appeal does not cause defendants to 'irretrievably lo[se]' any benefits of the type lost when being wrongfully forced to arbitrate." *Harrison*, 2025 WL 1551414, at *5.

3. The *Coinbase* "background principle" automatically staying cases during appeals does not apply to remand appeals. *See Coinbase*, 599 U.S. at 740 (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). At the time that Congress enacted the first interlocutory appeals of remand orders, Congress did not legislate against a "background principle" that an appeal automatically stayed a remand order. Instead, Congress expected that the defendant must "ask" for a stay, and if the court denied the stay request, then the state court proceeding could

"commence immediately."  110 CONG. REC. 6956 (Apr. 6, 1964) (remarks of Senator Dodd).

The Supreme Court relied on this legislative history shortly after Congress first allowed remand order appeals for civil rights cases in 1964.  As evidence of congressional intent for the amendment to § 1447(d), the Supreme Court credited statements by Senator Thomas Dodd because he was a "leader[] speaking for the bill on the floor of the Senate."  *State of Ga. v. Rachel*, 384 U.S. 780, 788 n.7 (1966) (citing 110 CONG. REC. 6956).  On the same page of the Congressional Record that the Supreme Court quoted to interpret the § 1447(d) amendment, Senator Dodd explained that allowing interlocutory appeals would not delay state court proceedings unless the federal court issued a stay based on the merits:

> Moreover, the number of such delays can be expected to be quite minimal.  If a district judge grants a motion to remand, the defendant may be expected to ask him to stay his order, pending appeal.  If the district judge feels that the case is clearly improperly removed, he will, of course, deny a stay.  At that stage the defendant may ask the court of appeals to issue a stay of the remand order, pending appeal.  When such an application for a stay, pending appeal, is made to the court of appeals, that court can be expected to give it very careful consideration.  If it appears to the court of appeals that the removal was clearly improper and that the remand was correct, the court of appeals will doubtless deny the stay; and then the State prosecution can commence immediately.

> This preliminary determination should eliminate the possibility of delay arising from appeals in cases where the removal was improper.  Of course, if the appellate court

> believes that the removal was probably appropriate, and
> hence that the remand order was probably wrong, it will
> doubtless issue a stay, pending appeal, in order to prevent
> a futile trial in the State courts.  But the abusive use of the
> appeal procedure set forth in title IX can effectively be
> avoided by this kind of preliminary appellate
> determination.

110 CONG. REC. 6956 (Apr. 6, 1964) (remarks of Senator Dodd).

When Congress added remand order appeals for federal officers in 2011, it
did so to "respond[] to recent Federal court cases that reflect an inter- and intra-
circuit split as to whether State 'pre-suit discovery' laws qualify as civil actions or
criminal prosecutions that are removable under S 1442."  H.R. REP. NO. 112-17, at
2 (2011).  As a specific example, a Texas congresswoman had been unable to obtain
federal review of a pre-suit subpoena issued under state law.  *Id.* at 3.  The House
Judiciary Committee noted that the district court rejected the congresswoman's
motion to stay the remand order, but the Committee report did not otherwise discuss
stays.  *Id.*  The Committee report explained that the bill would "permit[] judicial
review of S 1442 cases that are remanded, just as they are with civil rights cases."
*Id.* at 7.  Thus, the 2011 amendment allowing federal officers to appeal remand
orders recognized the existing practice that stays required motions, just like
Congress understood with civil rights appeals decades earlier.

In addition to the legislative history, the "background principle" does not
apply to remand order appeals because it prescribes a rule allocating jurisdiction

between federal district courts and federal circuit courts.  *See Griggs*, 459 U.S. at 58.  But *Griggs* does not purport to allocate jurisdiction between federal courts and other adjudicative bodies.  For example, the D.C. Circuit has held that the *Griggs* background principle does not prohibit concurrent exercises of jurisdiction by a federal court and an administrative agency.  *See Chamber of Commerce v. SEC*, 443 F.3d 890, 897-98 (D.C. Cir. 2006).  Because a stay here does not involve the allocation of jurisdiction between this Court and the district court, the background principle does not apply here.

4.  After the remand order has been transmitted to state court, "[t]he only way for this Court to stay the state proceedings would be by way of an injunction" under the Anti-Injunction Act.  *Rivera Perez v. Massachusetts Gen. Hosp.*, 193 F.R.D. 43, 45 (D.P.R. 2000).  The Anti-Injunction Act "ordinarily precludes injunctions against state-court proceedings," and the remand order does not satisfy any of the Act's three "narrow" exceptions.  *See Tooele Cnty. v. United States*, 820 F.3d 1183, 1187-88 (10th Cir. 2016).

### C. Cases may proceed simultaneously in state court and federal appellate court during remand appeals.

This Court has allowed state court proceedings to move forward during a federal officer removal appeal, like Pfizer has brought here.  *See* Order, *Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, No. 19-1330, Doc. 010110246153, at 2 (10th Cir. Oct. 17, 2019) ("Stay Denial Order").  Before it

mailed the remand notice to the state court, the district court in *Suncor Energy* issued a well-reasoned decision denying a motion for stay pending appeal.  *Suncor Energy*, 423 F. Supp. 3d at 1076.  Defendants immediately sought relief from this Court, arguing that they would "simultaneously have to brief and argue federal jurisdictional issues in the Tenth Circuit while litigating plaintiffs' claims in Colorado state court."  Mot. of Appellants for an Emergency Stay of the Remand Order Pending Appeal, No. 19-1330, Doc. 10010241301, at 15 (10th Cir. Oct. 8, 2019).

This Court denied the motion for stay without waiting for plaintiffs to file their response.  *See* Stay Denial Order, at 2; *see also* Order, No. 19-1330, Doc. 10685332 (10th Cir. Oct. 8, 2019) (plaintiffs' response due Oct. 18, 2019).  The Court concluded that defendants "[had] not made the necessary showing to warrant entry of a stay pending appeal."  Stay Denial Order, at 2.

Because the district court had by then issued the remand order, defendants asked the Supreme Court to recall the remand order rather than issue a stay. Application for Recall of the Remand Order Pending Appeal, *Suncor Energy (U.S.A.) Inc. v. Bd. of Cnty. Commissioners of Boulder Cnty.*, No. 19A428, at 2-3 (U.S. Oct. 17, 2019).  The Supreme Court denied this request.  *Suncor Energy (U.S.A.) Inc. v. Bd. of Cnty. Commissioners of Boulder Cnty.*, No. 19A428, 2019 WL 13415345, at *1 (U.S. Oct. 22, 2019).  That same day, the Supreme Court denied

similar stay requests in two other federal officer removal cases. *See BP P.L.C. v. Mayor & City Council of Baltimore*, 140 S. Ct. 449 (2019); *BP P.L.C. v. Rhode Island*, No. 19A391, 2019 WL 13415350, at *1 (U.S. Oct. 22, 2019).

These cases make clear that state courts can proceed while parties claiming to be federal officers appeal remand orders.

### III.    The applicable factors favor vacating the district court's stay order.

In deciding whether to grant a stay pending appeal, this Court considers jurisdiction and the *Nken* factors: "the movant's likelihood of success on the merits; the threat of irreparable harm if relief is not granted; the absence of harm to opposing parties if relief is granted; and the risk of harm to the public interest." *Wyoming v. United States Dep't of Interior*, No. 18-8027, 2018 WL 2727031, at *1 (10th Cir. June 4, 2018) (citing 10th Cir. R. 8.1 and *Nken*, 556 U.S. at 434). Other circuits have applied these factors when evaluating a motion to vacate a stay. *See Plaquemines Par.*, 84 F.4th at 373; *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007); *United States v. W. Elec. Co.*, No. 91-5263, 1991 WL 238308, at *1 (D.C. Cir. Oct. 7, 1991).

Pfizer did not argue any of the traditional stay factors below. *See* D. Ct. Dkt. Nos. 72, 76; *see also Blumberger v. California Hosp. Med. Ctr.*, No. 2:22-CV-06066, 2022 WL 18359101, at *2 (C.D. Cal. Dec. 5, 2022). "The ability for federal courts to weigh various factors before issuing the extraordinary remedy of a stay is vital for

the efficient administration of justice, especially when the case involves another sovereign," here, the State of Kansas.  *Harrison*, 2025 WL 1551414, at *3.  But Pfizer "[did] not address the legal standard for obtaining a stay," *see Carter v. Genesis Alkali LLC*, No. 23-8079, 2024 WL 4491802, at *3 (10th Cir. Oct. 15, 2024), and the district court erred by overlooking Pfizer's failure to meet its burden.  This Court can vacate the district court's order on this ground alone.

Kansas argued the stay factors below.  *See* D. Ct. Dkt. No. 73, at 12-14.  Pfizer did not dispute any of Kansas' arguments on these factors.  *See* D. Ct. Dkt. No. 76.

1.  Kansas is likely to succeed in this appeal.  Pfizer has the burden to make a "strong showing" of a "probability" of success on the merits.  *Plaquemines Par.*, 84 F.4th at 373.  Pfizer made no showing below.  Furthermore, the district court already rejected Pfizer's arguments for federal jurisdiction.  *See* D. Ct. Dkt. No. 66.

2.  Pfizer also has not established irreparable harm.  Numerous courts have rejected the argument that a defendant "will be injured by having to litigate in state court while defending an appeal in federal court."  *Faulkner v. New Mexico Child., Youth & Fams. Dep't*, No. CV 15-852, 2016 WL 9818609, at *4 (D.N.M. Nov. 3, 2016).  After all, "litigation expense does not constitute irreparable injury and any discovery obtained in state court would be relevant to the case even if it ultimately were to proceed in federal court."  *Dow Chem. Co.*, 2024 WL 3361395, at *7.  In short, "[t]he same things would be happening in either place; it does not matter

where." *Elkins v. Se. Indiana Health Mgmt. Inc.*, No. 1:23-CV-01117, 2024 WL 706910, at *1 (S.D. Ind. Feb. 21, 2024).  Thus, Pfizer "is not irreparably harmed solely by virtue of litigating this case in state court during a federal appeal." *In re Essar Steel Minnesota LLC*, No. 16-11626 (CTG), 2025 WL 974571, at *7 (D. Del. Apr. 1, 2025).

3.  Kansas, on the other hand, would be harmed by the stay of an action it filed in June 2024.  "This case has already been significantly delayed, and a stay would cause substantial, potentially years-long delay." *Faulkner*, 2016 WL 9818609, at *5. "Moreover, with all due respect, it is impossible to predict how long the Court of Appeals may take to resolve this matter." *Tennessee ex rel. Slatery v. Tennessee Valley Auth.*, No. 3:17-CV-01139, 2018 WL 3092942, at *6 (M.D. Tenn. June 22, 2018).  "Delay here only benefits" Pfizer. *Elkins*, 2024 WL 706910, at *1.

4.  For these reasons, "[a] stay would simply not serve the public interest in removing obstacles to progress in this long-running case." *Tennessee ex rel. Slatery*, 2018 WL 3092942, at *6.  The people of Kansas, represented by the Attorney General, "have a strong public policy interest in the advancement of this litigation in state court after such long delays." *Id.* at *7.

## CONCLUSION

For these reasons, Kansas respectfully requests that the Court vacate the district court's order staying the remand order.

Dated: June 4, 2025

Respectfully submitted,

**KRIS W. KOBACH**
**ATTORNEY GENERAL**

Melanie S. Jack, #13213
First Assistant Attorney General
Office of the Kansas Attorney General
120 SW 10th Ave., 4th Floor
Topeka, Kansas 66612-1597
(785) 296-3751
Melanie.Jack@ag.ks.gov

JAMES OTIS LAW GROUP, LLC

*/s/ Justin D. Smith*
Justin D. Smith, #79211
530 Maryville Centre Drive, Suite 230
St. Louis, Missouri 63141
(816) 678-2103
Justin.Smith@james-otis.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on June 4, 2025, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

*/s/ Justin D. Smith*

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 5,097 words, excluding those portions pursuant to Federal Rule of Appellate Procedure 32(f), according to Microsoft Word.

This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared in a proportionally spaced typeface in Microsoft Word utilizing 14-point Times New Roman font.

*/s/ Justin D. Smith*