No. 25-3085

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

STATE OF KANSAS,
*Plaintiff-Appellee,*

v.

PFIZER INC.
*Defendant-Appellant.*

Appeal from the United States District Court
for the District of Kansas
Case No. 6:24-cv-01128
The Honorable Daniel D. Crabtree

## PFIZER INC.'S OPPOSITION TO MOTION TO VACATE
## OR IN THE ALTERNATIVE REQUEST FOR AN AUTOMATIC STAY

Carlton E. Wessel
Carlton.Wessel@dlapiper.com
**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, D.C. 20004
Telephone: (202) 799-4000

Lianna Bash
Lianna.Bash@dlapiper.com
**DLA Piper LLP (US)**
701 Fifth Avenue, Suite 6900
Seattle, WA 98104
Telephone: (206) 839-4858

Andrew J. Hoffman II
Andrew.Hoffman@dlapiper.com
**DLA Piper LLP (US)**
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067
Telephone: (310) 595-3000

Meagan D. Self
Meagan.Self@dlapiper.com
**DLA Piper LLP (US)**
1900 North Pearl Street, Suite 2200
Dallas, TX 75201
Telephone: (214) 743-4500

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

PROCEDURAL HISTORY.................................................................................................... 2

ARGUMENT .......................................................................................................................... 3

    I.      The Stay Order Is Not Appealable, And The Court Lacks Jurisdiction To Consider It. 3

    II.    The District Court Had Jurisdiction to Enter the Stay Order......................................... 6

      A.    The District Court Retained Jurisdiction Under Section 1447(d)................................. 6

      B.    The Clerk's Letter Mailing The Remand Order Did Not Divest The District Court Of Jurisdiction. ................................................................................................................ 9

    III.    The District Court Correctly Entered An Automatic Stay........................................... 12

    IV.    Kansas Fails To Satisfy The Applicable Standard Of Review. ................................... 17

CONCLUSION...................................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arnold v. Garlock, Inc.*,
278 F.3d 426 (5th Cir. 2001) ...........................................................................11

*C.W. ex rel. B.W. v. Denver Cnty. Sch. Dist. No. 1*,
994 F.3d 1215 (10th Cir. 2021) ..........................................................................4

*BP Am., Inc. v. Oklahoma ex rel. Edmonson*,
613 F.3d 1029 (10th Cir. 2010) ..........................................................................8

*BP P.L.C. v. Mayor of Balt.*,
593 U.S. 230 (2021)........................................................................................1, 4

*In re C & M Props., L.L.C*,
563 F.3d 1156 (10th Cir. 2009) ..........................................................................8

*Cheney v. U.S. Dist. Ct. for D.C.*,
542 U.S. 367 (2004)...........................................................................................6

*City of Chanute v. Williams Natural Gas Co.*,
955 F.2d 641 (10th Cir. 1992) ............................................................................4

*City of Martinsville* v. *Express Scripts, Inc.*,
128 F.4th 265 (4th Cir. 2025) .......................................................................5, 13

*Cnty. of Westchester* v. *Express Scripts, Inc.*,
No. 24-1639 (2d Cir. Sept. 6, 2024) .............................................................5, 17

*Coinbase, Inc. v. Bielski*,
599 U.S. 736 (2023).................................................................................*passim*

*In re Cooper Tire & Rubber Co.*,
568 F.3d 1180 (10th Cir. 2009) ..........................................................................6

*Crystal Clear Comms., Inc.* v. *Southwestern Bell Telephone Co.*,
415 F.3d 1171 (10th Cir. 2005) ..........................................................................3

*Dudley-Barton v. Serv Corp Int'l*,
653 F.3d 1151 (10th Cir. 2011) ..........................................................................7

*Epic Systems Corp.* v. *Lewis*,
 584 U.S. 497 (2018)................................................................14

*Georgia* v. *Clark*,
 119 F.4th 1304 (11th Cir. 2024) ........................................5, 17

*Gold v. Johns-Manville Sales Corp.*,
 723 F.2d 1068 (3d Cir. 1983) ...................................................18

*Gov't of P.R. v. Express Scripts*,
 119 F.4th 174 (1st Cir. 2024)............................................5, 17

*Griggs v. Provident Consumer Disc. Co.*,
 459 U.S. 56 (1982)..........................................................*passim*

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*,
 485 U.S. 271 (1988)....................................................................4

*Harrison v. Express Scripts, Inc.*,
 No. 24-1972, 2025 WL 1551414 (9th Cir. June 2, 2025) ..................5, 14, 15, 16

*In re Kozeny*,
 236 F.3d 615 (10th Cir. 2000) ....................................................6

*McDonald v. Kinder-Morgan, Inc.*,
 287 F.3d 992 (10th Cir. 2002) ..................................................10

*Mitchell v. Forsyth*,
 472 U.S. 511 (1985)..................................................................16

*Nken v. Holder*,
 556 U.S. 418 (2009)..................................................................19

*Plaquemines Par. v. Chevron USA, Inc.*,
 84 F.4th 362 (5th Cir. 2023) ..........................................5, 7, 17

*Systemcare, Inc. v. Wang Lab'ys Corp.*,
 117 F.3d 1137 (10th Cir. 1997) ..................................................5

*Town of Pine Hill, Alabama v. 3M Co.*,
 No. 24-00284, 2025 WL 994187 (S.D. Ala. Apr. 2, 2025)........................7, 9, 13

*U.S. v. Carrigan*,
 804 F.2d 599 (10th Cir. 1986) ....................................................6

*UFCW Loc. 880-Retail Food Emps. Joint Pension Fund v. Newmont Min. Corp.*, 276 F. App'x 747 (10th Cir. 2008) ..................................................3, 4

*Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142 (2007)..................................................................................18

**Statutes**

28 U.S.C. § 1291 ...................................................................................3

28 U.S.C. § 1292 ...............................................................................3, 4

28 U.S.C. § 1334(b) ...........................................................................11

28 U.S.C. § 1442(a)(1).........................................................................2

28 U.S.C. § 1447(d) ...................................................................*passim*

28 U.S.C. § 1453 ..................................................................................7

42 U.S.C. § 247d-6d............................................................................16

42 U.S.C. § 247-6e..............................................................................16

**Other Authorities**

Fed. R. App. P. 21 ................................................................................3

Fed. R. App. P. 27 ............................................................................3, 19

Fed. R. Civ. P. 54 ............................................................................9, 10

Fed. R. Civ. P. 62 ......................................................................*passim*

iv

## INTRODUCTION

Pfizer had an immediate right to appeal the District Court's May 14, 2025 order concluding this case should be remanded to state court (the "Remand Order"). Congress conferred that right in 28 U.S.C. § 1447(d) and, in the words of the Supreme Court, "deemed it appropriate to allow appellate review *before* a district court may remand a case to state court." *BP P.L.C. v. Mayor of Balt.*, 593 U.S. 230, (2021) (emphasis added). Because the Remand Order is a "judgment" under Federal Rule of Civil Procedure 62(a), the federal rules imposed an "automatic" 30-day stay of proceedings to allow for an appeal. Once appealed, as Pfizer has done here, the automatic stay remains in place under Supreme Court precedent. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743–44 (2023). ("When Congress wants to authorize an interlocutory appeal and to automatically stay the district court proceedings during that appeal, Congress need not say anything about a stay. . . . By contrast, when Congress wants to authorize an interlocutory appeal, but *not* to automatically stay district court proceedings pending that appeal, Congress typically says so."). Section 1447(d) grants Pfizer an immediate appeal without any express "non-stay" provision, so a mandatory stay of lower court proceedings applies until Pfizer's appeal is resolved.

The District Court correctly applied Supreme Court precedent, federal statutes, and the Federal Rules by entering a stay pending appeal (the "Stay Order"). Plaintiff-Appellee The State of Kansas ("Kansas") asks this Court to vacate the Stay

Order so its lawsuit may proceed in state court, while this Court simultaneously decides whether the case belongs in federal court. But this Court lacks jurisdiction over the Stay Order. Even so, litigating the exact same complaint, at the same time, in two courts at once (as Kansas proposes), is contrary to the will of Congress and defies common sense. It would effectively nullify Pfizer's statutory right to appeal, as well as the Company's right to a federal forum for its immunity defenses, and waste judicial resources. Kansas did not seek mandamus relief and has not shown a clear and undisputable right to relief under the heightened standard for an extraordinary writ. The Court should deny Kansas's motion.

## PROCEDURAL HISTORY

On June 25, 2024, Kansas filed a Complaint in Thomas County District Court, alleging Pfizer misled the public concerning its COVID-19 vaccine. (D. Ct. Dkt. 1-3.) Pfizer removed the action under the federal officer removal statute, 28 U.S.C. § 1442(a)(1); federal question jurisdiction under *Grable*; and complete preemption. (D. Ct. Dkt. 1.) Kansas filed a motion to remand, which the District Court granted on May 14, 2025. (D. Ct. Dkt. 66.) The same day, at 11:56 a.m., the Clerk of the Court filed on the docket a letter to the state court enclosing a certified copy of the Remand Order. (D. Ct. Dkt. 68.) The Clerk's filing does not contain a postmark, a proof of mailing, or any directive. (*Id.*) The same day, at 3:26 p.m., Pfizer filed its Notice of Appeal. (D. Ct. Dkt. 69.)

Two days later, Pfizer filed a motion to stay execution of the Remand Order pending appeal. (D. Ct. Dkt. 72.) On May 30, 2025, the District Court granted Pfizer's motion, staying the Remand Order "until the Tenth Circuit adjudicates defendant's appeal." (D. Ct. Dkt. 81, at 8.)[1] The District Court also directed the Clerk to notify the state court of the Stay Order. (*Id.*) The state court received that notification on June 6, 2025.

## ARGUMENT

### I. The Stay Order Is Not Appealable, And The Court Lacks Jurisdiction To Consider It.

Effectively seeking to appeal the Stay Order, Kansas asks this Court to review and vacate the Stay Order. The Stay Order, entered on May 30, 2025, is separate and distinct from the district court's earlier Remand Order. Pfizer appealed the Remand Order under 28 U.S.C. § 1447(d) sixteen days before the Stay Order was issued.

This Court lacks jurisdiction over the Stay Order. A stay order is not a final decision within the meaning of 28 U.S.C. § 1291. *See Crystal Clear Comms., Inc.* v. *Southwestern Bell Telephone Co.*, 415 F.3d 1171, 1175 (10th Cir. 2005). Nor is a stay order subject to interlocutory appeal under 28 U.S.C. § 1292. *UFCW Loc. 880-Retail Food Emps. Joint Pension Fund v. Newmont Min. Corp.*, 276 F. App'x 747, 749 n.3 (10th Cir. 2008) ("[A] stay order 'by a federal court that relates only to the

---

[1] Kansas did not attach copy of the Stay Order as required by the rules. *See* FRAP 27(a)(2)(B)(iii) (for a motion); FRAP 21 (to seek mandamus relief).

conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under [28 U.S.C.] § 1292(a)(1).'" (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988))). Similarly, Section 1447(d) does not provide a basis for appellate review of the Stay Order; it only permits immediate review of certain "order[s] remanding a case to the State court." *See BP P.L.C.*, 593 U.S. at 238 ("[Section] 1447(d) extends appellate review only to *some* orders—those remanding a 'case . . . removed pursuant to section 1442 or 1443.'"). The Stay Order is no such thing. Had Kansas filed a notice appealing the Stay Order, this Court would rightly dismiss it. The same outcome is warranted for this backdoor request for appellate review through a motion to vacate.

Kansas has failed to satisfy its burden to identify a basis for appellate jurisdiction over the Stay Order. *C.W. ex rel. B.W. v. Denver Cnty. Sch. Dist. No. 1*, 994 F.3d 1215, 1220 (10th Cir. 2021) ("Every appellant bears the burden of proving appellate jurisdiction by demonstrating the finality of the challenged decision or identifying a specific grant of jurisdiction."). Kansas has also failed to identify any applicable standard of review because an "order granting [a] stay of proceedings pending appeal is not appealable." *UFCW Loc. 880-Retail Food Emps. Joint Pension Fund v. Newmont Min. Corp.*, 276 F. App'x 747, 749 (10th Cir. 2008) (citing *City of Chanute v. Williams Natural Gas Co.*, 955 F.2d 641, 658 (10th Cir. 1992)

4

*overruled in part on other grounds*, *Systemcare, Inc. v. Wang Lab'ys Corp.*, 117 F.3d 1137 (10th Cir. 1997) (en banc)).

The courts of appeals that have addressed whether a stay should be entered pending the appeal of a remand order denying removal under federal officer removal jurisdiction have done so in the context of an affirmative request by the defendant for *the court of appeals* to enter its own stay. For example, in *People by & Through Harrison* v. *Express Scripts, Inc.*, the defendant-appellant requested a stay pending appeal in its opening brief. No. 24-1972, 2025 WL 1551414, at *2 (9th Cir. June 2, 2025). And in *Government of Puerto Rico* v. *Express Scripts, Inc.*, the defendant-appellant filed an emergency motion with the First Circuit to stay the district court's remand order pending appeal. 119 F.4th 174, 184 n.3 (1st Cir. 2024); *see also Georgia* v. *Clark*, 119 F.4th 1304 (11th Cir. 2024) (request for stay filed in court of appeals); *City of Martinsville* v. *Express Scripts, Inc.*, 128 F.4th 265, 268 (4th Cir. 2025) (same); *Cnty. of Westchester* v. *Express Scripts, Inc.*, No. 24-1639, Dkt. No. 72 (2d Cir. Sept. 6, 2024) (same). The one exception, *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362 (5th Cir. 2023), entertained a motion to vacate the district court's stay without addressing appellate jurisdiction.[2]

---

[2] On June 16, 2025, the Supreme Court granted a petition for writ of certiorari to the Fifth Circuit's subsequent decision holding that the case was not removable under the federal-officer removal statute. *See* 103 F.4th 324 (5th Cir. 2024), *cert. granted*, 605 U.S. __ (June 16, 2025). The denial of the stay pending appeal is outside the scope of the petition.

Kansas could have sought relief through a writ of mandamus, but failed to do so. *See In re Kozeny*, 236 F.3d 615, 619-20 (10th Cir. 2000) (rejecting appealability of stay order, but finding "review of the district court's stay order is properly before us on mandamus"). As a result, Kansas made no attempt to satisfy the "greater showing [that] must be made to obtain a writ of mandamus." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009). A "writ of mandamus is a drastic remedy, and is to be invoked only in extraordinary circumstances." *Id.* (internal quotes omitted). This Court only grants a writ when the right to relief is "clear and indisputable" in that the district court has "acted wholly without jurisdiction or so clearly abused its discretion as to constitute usurpation of power." *Id.* (quoting *U.S. v. Carrigan*, 804 F.2d 599, 602 (10th Cir. 1986)). And ultimately, regardless of these standards, this Court, "in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004).

Mandamus would be inappropriate here, for the reasons discussed below.

## II. The District Court Had Jurisdiction to Enter the Stay Order.

### A. The District Court Retained Jurisdiction Under Section 1447(d).

While most remand orders are not reviewable, Congress created an exception for "order[s] remanding a case to the State court from which it was removed pursuant to section 1442 [the federal officer removal statute]." 28 U.S.C. § 1447(d). Those

interlocutory orders "shall be reviewable by appeal *or otherwise*." *Id.* (emphasis added). As the District Court recognized, the phrase "or otherwise" would be meaningless if district courts did not have the power to vacate remand orders like the one at issue here. (D. Ct. Dkt. 81 at 2–3); *see also Town of Pine Hill, Alabama v. 3M Co.*, No. 24-00284, 2025 WL 994187, at *1 n.2 (S.D. Ala. Apr. 2, 2025) ("The concept that the district court retains the jurisdiction to vacate its remand order is found in § 1447(d)[,] which states that the remand order 'shall be reviewable by appeal *or otherwise*.'"). Because the District Court retains "jurisdiction to vacate its [R]emand [O]rder, it also has jurisdiction to stay its [R]emand [O]rder." (D. Ct. Dkt. 81 at 3 (quoting *Plaquemines Par.*, 84 F.4th at 372).)

Kansas disputes the District Court's jurisdiction, pointing to the Clerk's letter transmitting the Remand Order to state court on May 14, 2025. According to Kansas, that letter was "an event of jurisdictional significance" and, in Kansas's view, the Tenth Circuit has "consistently determined that remand orders are effective—and jurisdiction is transferred to the state court—when the remand order was mailed." (Mot. at 3.) Kansas cites three cases in support of this proposition, but not one of them announces a categorical rule that applies to all remand orders. To the extent these cases discuss the significance of mailing, they do so in the context of remand orders that are *not* immediately appealable. *See Dudley-Barton v. Serv Corp Int'l*, 653 F.3d 1151, 1153 (10th Cir. 2011) (case removed under Class Action Fairness

7

Act, 28 U.S.C. § 1453, which does not provide automatic right to appeal from remand order or vest the district court with residual review authority); *BP Am., Inc. v. Oklahoma ex rel. Edmonson*, 613 F.3d 1029, 1032–33 (10th Cir. 2010) (same); *In re C & M Props., L.L.C*, 563 F.3d 1156, 1160 (10th Cir. 2009) (case removed to federal bankruptcy court, with no automatic right to appeal from remand order). These cases shed no light on the present action, where Pfizer has an immediate right to appeal the Remand Order and Congress vested the district court with authority to review its remand order.

While a bright-line "mailbox rule" may make sense in the mine-run of remand orders, it would be nonsensical to apply that rule to remand orders like the one here, which rejects federal officer jurisdiction under Section 1442. Congress made this special class of remand orders "reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). Nothing in the statutory text suggests federal jurisdiction dissolved upon the clerk mailing the Remand Order to state court, and this Court is not free to read limitations into Section 1447(d). *See Edmonson*, 613 F.3d at 1033 ("To operate as the Attorney General would have it, [the statute] would have to read very differently than it does . . . and we are not at liberty to take our editing pencils to what Congress has written." (Gorsuch, J.)).

Section 1447(d) empowered the District Court to issue the Stay Order, and Kansas's arguments to the contrary—which the District Court deemed "illogical,"

(D. Ct. Dkt. 81 at 6 n.2)—have no basis in the statutory text or binding precedent. This Court should deny the motion to vacate.

### B. The Clerk's Letter Mailing The Remand Order Did Not Divest The District Court Of Jurisdiction.

The District Court held that Kansas's jurisdictional argument "rests on a faulty assumption" that the Clerk's remand letter was "legally effective." (ECF 81 at 3.) That letter lacked legal effect, however, because Rule 62(a) "automatically stay[ed] the court's [R]emand [O]rder" before it was transmitted to state court. (*Id.* at 4.) Under Rule 62(a), "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." The Remand Order is a "judgment." *See* Fed. R. Civ. P. 54(a) ("'Judgment' as used in these [R]ules includes a decree and *any* order from which an appeal lies." (emphasis added)); *see also Town of Pine Hill*, 2025 WL 994187, at *1 (holding that appealable remand order qualifies as a judgment under Rule 54(a)). Accordingly, the automatic 30-day stay applied to the Remand Order, regardless of whether it was "mailed prematurely to the state court." (D. Ct. Dkt. 81 at 4–5.)

Kansas does not dispute that the Remand Order is a "judgment" under Rule 54(a), but nevertheless resists the "automatic stay" because, in the State's view, Rule 62(a) only applies to "money judgments." (Mot. at 7–8.) As an initial matter, Kansas never raised this argument in the District Court. "[A]bsent extraordinary circumstances," this Court "will not consider arguments raised for the first time on

appeal." *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002). Kansas's motion proffers no explanation for the State's failure to make the "money judgments" argument below. This Court needs no other reason to reject it.

Regardless, the argument is meritless because it defies the plain language of the Rules in question. As the District Court recognized, Rule 62(a) applies to any "judgment," which is defined in Rule 54(a) to include "any order from which an appeal lies," without qualification. (ECF 81 at 3–4.) Kansas's interpretation would re-write these Rules by adding the words "for money" after "judgment" in Rule 62(a), and by striking the word "any" from Rule 54(a). It would also render superfluous Rule 62(c), which expressly excludes "injunctions" from the "automatic stay." There would be no need for this exclusion if Rule 62(a) only applied to money judgments. The Court should reject Kansas's brazen attempt to re-write the Federal Rules.

Kansas's position also ignores the Advisory Committee Notes to Rule 62(a), which (1) confirm the automatic stay "eliminates any need to rely on [the district court's] inherent power to issue a stay during this period," and (2) provide that "[s]etting the period at 30 days coincides with the time for filing most appeals in civil actions, providing a would-be appellant the full period of appeal time to arrange a stay by other means." Consistent with Rule 54(a), the applicability of Rule 62(a)

turns on the order's appealability, not whether the "judgment" in question involves monetary or equitable remedies.

Kansas's reliance on *Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001) is misplaced. In that case, the Fifth Circuit held Rule 62(a) did not automatically stay a remand order in a case removed under 28 U.S.C. § 1334(b). While the *Arnold* case includes dicta stating, "[t]he stay provisions of Rule 62 pertain to judgments for money," the court's holding was actually grounded in the non-appealability of the remand order in that case. 278 F.3d at 437 (holding remand order was "not a final judgment following a full adjudication of a claim, the result of which may be appealed."). The Remand Order here is distinguishable because it is immediately appealable under Section 1447(d) and, as such, it is a "judgment" subject to the "automatic stay" of Rule 62(a).

The text and purpose of Rule 62 are impossible to square with Kansas's proposed race to the mailroom when a remand order is immediately appealable. The District Court correctly determined that Rule 62(a) prevented execution of the Remand Order for 30 days. Because the Clerk's letter was sent within that 30-day window, it was legally ineffective and did not divest the District Court of jurisdiction to stay the remand order.

## III. The District Court Correctly Entered An Automatic Stay.

As the Supreme Court recognized two years ago, there is a "longstanding tenet of American procedure" that "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase*, 599 U.S. at 740 (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). *Coinbase* clarified and reaffirmed this principle in the context of appeals from orders denying motions to compel arbitration. *Id.* at 740. "Because the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially 'involved in the appeal.'" *Id.* at 741 (reiterating that "whether the litigation may go forward in the district court is precisely what the court of appeals must decide" (internal quotes omitted)). The Supreme Court found "it 'makes no sense' for the district court proceedings to continue while the antecedent question is revolved," because "a right to an interlocutory appeal would largely be nullified" if the rule were otherwise. *Id.* at 743. And the Court recognized that this principle is broadly applicable, applying in the "analogous contexts of qualified immunity and double jeopardy" and "those aspects of the case involved in a certified interlocutory appeal under § 1292(b)." *Id.* at 742.

The District Court correctly concluded the "same logic applies with equal force here," because the "issue of where this case belongs—state or federal court—involves 'the entire case[.]'" (D. Ct. Dkt. 81 at 5–6.) In so holding, the District Court

12

agreed with the Fourth Circuit that an immediate appeal of a remand order under Section 1447(d) "divest[s] the district court of authority over the issues involved in that appeal, and the district court ha[s] no power to mail its order to state court." *City of Martinsville*, 128 F.4th at 272. The District Court further explained:

> When a judgment of remand can be appealed as of right, the judgment is automatically stayed for 30 days pursuant to Rule 62(a). During this 30-day period, the Court can entertain motions to reconsider, or the parties can appeal. As stated previously, the Court jumped the gun and transmitted the case to the state court before the 30-day period ran. But the appeal in this case was timely filed within the time provided by the automatic stay. Once the appeal was filed, this Court lost jurisdiction to execute the remand at the end of the automatic stay.

(D. Ct. Dkt. 81 at 6 (quoting *Town of Pine Hill*, 2025 WL 994187, at *3).)

Kansas seeks to constrain this concept only to arbitrability decisions, asking this Court to categorically reject the longstanding *Griggs* principle as clarified and confirmed by *Coinbase*. Kansas argues "Congress did not legislate . . . that an appeal automatically stayed a remand order." (Mot. at 13.) But this position directly contradicts *Coinbase*, which explained that "[w]hen Congress wants to authorize an interlocutory appeal and to automatically stay the district court proceedings during that appeal, Congress need not say anything about a stay." *Id.* at 743–44 (emphasis added). It is only when Congress "wants to authorize an interlocutory appeal, but not to automatically stay" that it "typically says so." *Id.* This is why the *Coinbase* Court explained that, absent a "non-stay" provision or other contrary indication, the automatic stay applies in "analogous contexts" beyond arbitration. *Id.* at 742.

13

Immediately appealable remand orders are one such context because Section 1447(d) is silent on the stay question. Unable to point to any statutory text, Kansas tellingly resorts to legislative history. But stray remarks in committee reports or floor speeches do not alter the *Griggs* principle because "legislative history is not the law." *Epic Systems Corp.* v. *Lewis*, 584 U.S. 497, 523 (2018).

Although Kansas points to the Ninth Circuit's recent decision in *Harrison v. Express Scripts, Inc.*, this Court should decline to adopt its reasoning. First and foremost, *Harrison* ignores the default rule endorsed in *Coinbase*: when Congress passes a statute providing for interlocutory appeals as of right, the district court proceedings are automatically stayed during the pendency of the appeal unless Congress specifically says otherwise. *See Coinbase*, 599 U.S. at 743–44. Nothing about this default rule is confined to the arbitration context, and each of the justifications laid out in *Coinbase* apply with equal force in this context. *See id.* at 741–747.

What's more, *Harrison's* concerns regarding "federalism" and "comity" are overstated. According to the Ninth Circuit, "*[i]mproper* removals based on the federal officer removal statute deprive state courts of jurisdiction over cases that should rightfully be heard in their fora, in violation of comity principles," and "[a]utomatic stays of litigation based on those *improper* removals pursuant to *Coinbase* would only exacerbate federal infringement on state courts' rights."

*Harrison*, 2025 WL 1551414, at *3 (emphasis added). This framing begs the question by assuming federal officer removals are "improper" when that's the very determination Congress has entrusted to the courts of appeals under Section 1447(d). If a federal-officer case was properly removed, then by definition there was no "federal infringement on state courts' rights," but rather a state infringement on the defendant's rights to a federal forum under Section 1442. The Ninth Circuit does not meaningfully consider that possibility in *Harrison*.

In *Harrison*, policy considerations about avoidance of "gamesmanship" and "principles of judicial economy" feature prominently in the decision. 2025 WL 1551414, at *6–7. *Coinbase* rejects those concerns because "the courts of appeals possess robust tools to prevent unwarranted delay and deter frivolous appeals." 599 U.S. at 745. In any event, those concerns were driven by case-specific facts that do not apply here. In *Harrison*, the Ninth Circuit concluded federal officer removal was wholly frivolous due to a "explicit disclaimer" in an amended complaint that "eviscerated all basis for federal officer removal jurisdiction." *Id.* at *2, *6. Moreover, the court found there was no "right to avoid pretrial discovery in state court" and envisioned that, on remand, "some pretrial litigation [would] continue on in state court" without impeding the defendant's ability to pursue certain federal immunity defenses, if the appeal were successful. *Id.* at *5–6, *6 n.7. The Ninth Circuit specifically contrasted situations that involved *immunity from suit*—which

was not at issue in *Harrison*—and emphasized there was no danger of "interfer[ing] with the appellate court's review of the remand order." *Id.*

In this case, Pfizer removed the case not only on meritorious federal officer removal grounds, but also under theories associated with the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d and 247-6e (the "PREP Act"). (D. Ct. Dkt. 1 at 8–9 (claiming PREP Act immunity as a colorable defense to support federal jurisdiction), 22–23 (claiming complete preemption under the PREP Act as a basis for federal jurisdiction).) These doctrines are directly at issue in the appeal of the remand order. And critically, the PREP Act provides Pfizer with both immunity from liability *and* immunity from suit. *See* 42 U.S.C. § 247d-6d(a)(1) ("[A] covered person shall be immune from suit and liability under Federal and state law."); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (holding immunity from suit is a broader "entitlement not to stand trial or face the other burdens of litigation").

Thus, in this case, immunity from suit is a central issue in the appeal of the Remand Order. Beyond the forum itself, this Court will consider issues pertaining to the PREP Act that Kansas must overcome in the state court to proceed. Unlike *Harrison*, this is exactly the type of interference with appellate review that an automatic stay under *Griggs* and *Coinbase* avoids. This Court should not follow *Harrison*.

The remaining decisions referenced by Kansas from the First, Second, Fifth, and Eleventh Circuits involve little to no analysis of the principles articulated in *Griggs* and *Coinbase*. For example, the Fifth Circuit did not even consider *Griggs* or *Coinbase* for purposes of an automatic stay. *Plaquemines Par.*, 84 F.4th at 376. Similarly, the decisions from the First, Second, and Eleventh Circuits may have involved a denial of a stay, but they provide no analysis that would lend persuasive support to Kansas' position. *See Clark*, 119 F.4th at 1304 (no discussion of a stay, the *Griggs* principle, or *Coinbase*); *Gov't of P.R.*, 119 F.4th at 184 n.3 (noting denial of stay without further discussion); *Cnty. of Westchester*, No. 24-1639 (concluding, without analysis, that Appellants were not entitled to stay under *Coinbase*).

## IV. Kansas Fails To Satisfy The Applicable Standard Of Review.

To the extent this Court reaches the merits of Kansas's motion, it should do so under the standard for an extraordinary writ. (*See supra* pg. 9.) However, Kansas has failed to identify any right to relief that is "clear and undisputable," including that the District Court was "wholly without jurisdiction" or usurped its power. Instead, the District Court's Stay Order is a well-reasoned decision that applied a stay after determining the scope of the case and the appeal, consistent with *Griggs* and *Coinbase*.

The District Court was within its jurisdiction to determine that the Clerk's letter was improvidently issued during the automatic stay under Rule 62(a) and

17

Section 1447(d). The District Court was also within its power to hold the Remand Order in abeyance. *See Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) ("The power to stay proceedings is incidental to the power inherent in every court to schedule disposition of the cases on its docket so as to promote fair and efficient adjudication."). And on the merits, the existence of a split of authority between the courts of appeals on the question of whether an automatic stay applies pending appeal at the very least demonstrates that Kansas does not have a "clear and indisputable" right to relief.

Ultimately, Kansas has failed to satisfy the standard for relief from the District Court's order. Yet, even if this Court disagrees with some or all of the Stay Order on the merits, it should exercise its discretion and determine that a writ is inappropriate under the circumstances. Kansas's desire for state court proceedings is incongruent with the federal immunity doctrines currently before the Court. Pfizer has asserted meritorious grounds that entitle it to a federal forum, and remand prior to resolution of those rights may "deprive federal officials of a federal forum in which to assert federal immunity defenses." *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 150 (2007). Similarly, "continuation of the proceedings in the district court 'largely defeats the point of the appeal.'" *Coinbase*, 599 U.S. at 743.

Lastly, to the extent this Court finds the District Court lacked jurisdiction to issue the Stay Order, Pfizer requests that this Court itself enter the automatic stay

pending appeal. *See* Fed. R. App. P. 27(a)(3)(B). Alternatively, if the Court concludes an automatic stay inapplicable in whole or in part, Pfizer respectfully requests remand to the District Court to proceed accordingly, including consideration of a motion for a discretionary stay under *Nken v. Holder*, 556 U.S. 418 (2009).[3]

## CONCLUSION

Right now, everything in this case is exactly as it should be. Because the Remand Order was immediately appealable, it was subject to an automatic stay while Pfizer considered whether to exercise its appeal rights under Section 1447(d). And because Pfizer timely filed a Notice of Appeal, a mandatory stay of proceedings went into effect under *Coinbase*. For these reasons, the District Court properly entered a stay pending this Court's resolution of Pfizer's appeal, and rejected the notion that the "administrative efficiency" of the Clerk's office somehow divested it of jurisdiction to stay the case.

Kansas provides no compelling reason to disturb the status quo. The Court not only lacks jurisdiction to vacate the Stay Order, but doing so would effectively nullify Pfizer's right to seek appellate review before being subjected to state court litigation. Congress created this right in unambiguous statutory language, and this

---

[3]  Kansas's arguments for waiver presuppose that Pfizer sought a discretionary stay but failed to argue it. To the contrary, Pfizer only sought recognition of the automatic stays in place, without prejudice to any other forms of relief that may be available.

Court is not free to second-guess that legislative judgment. Accordingly, and for the reasons discussed in the foregoing Opposition, the Court should deny Kansas's motion to vacate, or alternatively enter a stay itself.

June 16, 2025.

Respectfully submitted,

*/s/ Andrew J. Hoffman II*

Andrew J. Hoffman II
Andrew.Hoffman@dlapiper.com
**DLA Piper LLP (US)**
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067
Telephone:  (310) 595-3000

Meagan D. Self
Meagan.Self@dlapiper.com
**DLA Piper LLP (US)**
1900 North Pearl Street
Suite 2200
Dallas, TX 75201
Telephone: (214) 743-4500

Carlton E. Wessel
Carlton.Wessel@dlapiper.com
**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, D.C. 20004
Telephone:  (202) 799-4000

Lianna Bash
Lianna.Bash@dlapiper.com
**DLA Piper LLP (US)**
701 Fifth Avenue
Suite 6900
Seattle, WA 98104
Telephone: (206) 839-4858

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 4,858 words, excluding those portions pursuant to Federal Rule of Appellate Procedure 32(f), according to Microsoft Word.

This document complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a) because it was prepared in a proportionally spaced typeface in Microsoft Word utilizing 14-point Times New Roman font.

*s/ Andrew J. Hoffman II*
Andrew J. Hoffman II

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 16, 2025, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

*s/ Jacey Bittle*
Jacey Bittle, Legal Executive Assistant
