**James Otis Law Group, LLC**
530 Maryville Center Drive, Suite 230, St. Louis, Missouri 63141

June 27, 2025

**Via Electronic Filing**

Mr. Christopher M. Wolpert
Clerk of Court
United States Court of Appeals for the Tenth Circuit
Byron White United States Courthouse
Denver, Colorado 80257

      Re:    *State of Kansas v. Pfizer, Inc.*, No. 25-3085

Dear Mr. Wolpert:

On June 26, 2025, Pfizer filed a notice that it will—at some unstated future time—file a motion to hold this appeal in abeyance while the Supreme Court reviews a decision from the Fifth Circuit, involving different parties and different claims. The purpose of Pfizer's filing is unclear. Neither the Federal Rules nor this Court's Local Rules require a notice of motion. Indeed, the Federal Rules specifically disavow such filings. *See* Fed. R. App. P. 27(a)(2)(C)(ii) ("A notice of motion is not required."). To the extent that Pfizer's filing seeks to influence the Court's consideration of the pending motion to vacate the district court's stay, the Court should disregard the notice for at least three reasons.

First, there is no basis to hold this appeal in abeyance while the Supreme Court considers the Fifth Circuit's decision in *Chevron USA v. Plaquemines Parish*. If Pfizer ultimately files its foreshadowed motion, Kansas will address this issue in detail at that time. Suffice it to say, however, that Pfizer's case for federal officer jurisdiction is far weaker than the arguments presented by the defendants in *Plaquemines Parish*. *See, e.g.*, D. Ct. Doc. 66, at 8 (emphasizing that "the case here against removal is even stronger here than in *Plaquemines Parish*"). Regardless of how the Supreme Court resolves *Plaquemines Parish*, Pfizer's invocation of federal officer jurisdiction will lack merit.

Second, as Pfizer has conceded, the issue presented in *Plaquemines Parish* has no bearing on the legal issues that govern the resolution of the pending motion to vacate the stay. *See, e.g.*, Docket No. 27, at 5 n.2. Importantly, Pfizer has opted not to argue for a stay under the *Nken* standard, which does take into account the likelihood of success on the merits. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). Thus, no decision from the Supreme Court in *Plaquemines Parish* will have any bearing on the issues relevant to the motion to vacate.

Third, although the motion to vacate turns on pure questions of law, Pfizer's "notice" lays bare the equities at stake with that motion. Pfizer seeks to pair a novel stay pending appeal with a

1

baseless and indefinite delay of the resolution of this appeal.  If Pfizer's gambit succeeds, this case—an enforcement action by a sovereign State to remedy serious violations of consumer-protection laws—will be entirely halted, likely for years.  The Court should not countenance that extraordinary result, which will impose serious harm on the people of Kansas.

>Respectfully submitted,

>*/s/ Justin D. Smith*

>***Counsel for the State of Kansas***