FILED
United States Court of Appeals
Tenth Circuit

August 20, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

STATE OF KANSAS,

    Plaintiff - Appellee,

v.

PFIZER INC.,

    Defendant - Appellant.

No. 25-3085
(D.C. No. 6:24-CV-01128-DDC-BGS)
(D. Kan.)

_____

**ORDER**
_____

Before **CARSON** and **ROSSMAN**, Circuit Judges.
_____

Pending before the court are two motions: Plaintiff-Appellee the State of Kansas's "Motion to Vacate the District Court's Order Staying the Remand Order Pending Appeal," and Defendant-Appellant Pfizer Inc.'s "Opposed Motion of Appellant to Hold the Appeal in Abeyance." We deny the motion to vacate the district court's stay order and grant the motion to abate the appeal.

*Motion to Vacate*

Kansas initially filed an action against Pfizer in state court. Pfizer removed the action to federal court, but then the district court granted Kansas's motion to remand the action to state court. Pfizer appealed, invoking this court's appellate jurisdiction under 28 U.S.C. § 1447(d).

Pfizer then moved to stay execution of the remand order pending its appeal of that order, and Kansas opposed the motion. Over Kansas's opposition, the district court granted Pfizer's motion and entered an order staying its remand order pending appeal.

Kansas did not file a notice of appeal from the district court's order granting a stay pending appeal, nor did it file an original proceeding in this court seeking mandamus review of the order. Instead, Kansas filed a motion to vacate the district court's stay order within Pfizer's appeal of the remand order.

In its motion, Kansas argues the district court erred in granting a stay pending appeal, and it asks this court to vacate the district court's stay order. Pfizer has filed a response in opposition, arguing that because a stay pending appeal is not a final, appealable order, this court lacks jurisdiction to conduct an appellate review of such an order via a motion to vacate within Pfizer's appeal of the remand order. Pfizer contends that Kansas should have sought review of the order through a mandamus petition. Kansas has filed a reply, asserting this court has jurisdiction to consider its motion to vacate the district court's stay order under this court's "statutory authority and inherent authority." Reply to Mot. to Vacate at 4.

Upon consideration, we conclude Kansas has not established this court has jurisdiction to review and vacate the district court's stay order within Pfizer's appeal of the remand order. Our appellate jurisdiction under § 1447(d) is limited to reviewing the remand order. Kansas has not pointed to any statutory provision that gives this court the ability to review a stay order within Pfizer's appeal of the remand order, nor has Kansas cited a case that establishes this court has the inherent authority to conduct such a review.

2

Kansas relies on *Plaquemines Parish v. Chevron USA, Inc.*, 84 F.4th 362, 366-67 (5th Cir. 2023), to support its assertion of jurisdiction because the Fifth Circuit considered a motion to vacate a stay pending appeal in the context of an appeal of a remand order in that case. But Kansas admits that court did not explain its authority or jurisdiction for doing so. *See* Reply to Mot. to Vacate at 2 (explaining that *Plaquemines Parish* and other decisions that involved motions to vacate a stay in the context of appeals from different orders "vacated lower court stays based on a party's motion, without a notice of appeal, writ of mandamus, or even a jurisdictional analysis"). Because jurisdiction was not challenged or discussed in *Plaquemines Parish*, it fails to convince us that we have jurisdiction to review the district court's stay order. *See Lewis v. Casey*, 518 U.S. 343, 352 n.2 (1996) (explaining that "the existence of unaddressed jurisdictional defects has no precedential effect").

Kansas has the burden to show what authority gives this court jurisdiction to review and vacate the district court's order granting a stay pending appeal within Pfizer's appeal of the district court's remand order. *See In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1170 (10th Cir. 2023) (explaining that "federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute," and therefore "we presume that a cause lies outside our jurisdiction unless the party asserting jurisdiction carries its burden of establishing the contrary" (brackets, citations, ellipsis and internal quotation marks omitted)). Because Kansas has not met its burden to establish our jurisdiction to consider its motion to vacate within Pfizer's appeal of the remand order, we deny the motion.

*Motion to Abate Appeal*

Pfizer filed a motion to abate this appeal, Kansas filed a response in opposition, and Pfizer filed a reply in support of abatement. Pfizer contends the appeal should be abated pending the Supreme Court's decision in *Chevron U.S.A. Inc. v. Plaquemines Parish*, No. 24-813, because that decision "will almost assuredly provide material guidance on the proper resolution of the question of federal-officer jurisdiction in this appeal." Mot. to Abate at 2.

Upon consideration, we grant the motion and abate this appeal. Within 90 days of the date of this order, and every 90 days thereafter, Pfizer shall file a written report advising the court as to the status of *Chevron U.S.A. Inc. v. Plaquemines Parish*, No. 24-813. In addition, Pfizer shall notify this court in writing within 5 days of any development that impacts the abatement of this appeal.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk